UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMPLANTS INTERNATIONAL, LTD., a
United Kingdom limited liability company,

       Plaintiff,

v.

IMPLANTS INTERNATIONAL NORTH
AMERICA, LLC, a Michigan limited liability
company; ET AL.,

       Defendants.

_____/

Case No. 08-12137

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR
LACK OF DIVERSITY JURISDICTION [11]**

This matter comes before the Court on Defendants' motion to dismiss for lack of

diversity jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure

to state claims upon which relief can be granted, pursuant to Federal Rule of Civil

Procedure 12(b)(6). Because diversity jurisdiction is lacking, this Court GRANTS

Defendants' motion to dismiss. Fed. R. Civ. P. 12(b)(1).

**I.    Facts**

Plaintiff's complaint was filed on May 15, 2008, and alleges the following state-law

claims: (1) breach of express contract, (2) action for price, (3) quantum meruit/implied

contract, (4) unjust enrichment, and (5) promissory estoppel. These claims are asserted

against Defendant Implants North America and additional Defendants: Plymouth

Management Company, Plymouth Venture Partners, Ian Bund and Mahendra

Ramsinghani. Plaintiff Implants International designs, manufactures, and sells orthopedic implants. (Compl. ¶ 10.)

The complaint alleges that, around June 2007, Plaintiff began negotiations with certain Defendants regarding the sale of its orthopedic implant products. It further alleges that an initial shipment was made, that Defendants agreed to pay, that Defendant Implants North America was formed for the purpose of selling Plaintiff's orthopedic implant products in the United States, that Defendants ordered additional product from Plaintiff, that Plaintiff delivered that additional product, and that Defendants have not paid Plaintiff for a portion of the shipped orthopedic implant products. (Compl. at ¶¶ 11-21.)

After Plaintiff filed its complaint, this Court issued an Order [9] requiring Plaintiff to show cause in writing why this cause should not be dismissed for lack of diversity jurisdiction as required by 28 U.S.C. § 1332(c). Plaintiff responded [16], and Defendants filed this motion to dismiss [11]. Defendants' motion to dismiss reveals a prior state-court action brought by Defendant Implants North American against Plaintiff Implants International and its owner and Chief Executive Officer, Mohan Emmanuel, and Mohan's wife, Najma Emmanuel, arising from the same commercial transactions at issue in this lawsuit. That state-court action, Case No. 07-1289-CB, remains pending in Washtenaw County Circuit Court, although a default judgment has been entered against Plaintiff Implants International.

The following facts are relevant to the issue of diversity jurisdiction. It is not disputed that Plaintiff Implants International, Ltd. ("Implants International"), is deemed to be a citizen of the United Kingdom. At issue here is the citizenship of Defendant Implants International

North America, LLC ("Implants North America" or "LLC").[1]  It is undisputed that Defendant Implants North America is a Michigan limited liability company with its registered office located in Oakland County, Michigan.  (Pl.'s Compl. ¶ 2.)  What is at issue is (1) whether its members include Mohan Emmanuel, a citizen of the United Kingdom, who reportedly holds 5,970 units of Defendant Implants International North America, LLC (Defs.' Reply, Ex. A, Operating Agreement of Implants North American at 19 (listing members and units held)); and (2) if yes, whether this fact destroys diversity jurisdiction.

## II.   Analysis

Defendants seek dismissal of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Defendants argue that this Court should dismiss Plaintiff's complaint, pursuant to Rule 12(b)(1), because diversity jurisdiction between the parties is lacking.  Defendants further argue that all counts, with the exception of Count II against Defendant Implants North America, should be dismissed, pursuant to Rule 12(b)(6) because they fail to state a claim upon which relief can be granted.  Because, as shown below, diversity jurisdiction is lacking, this Court does not consider Defendants' additional argument that certain claims should be dismissed pursuant to Rule 12(b)(6).

### A.  Rule 12(b)(1) Motion to Dismiss Standard

The standard for a Rule 12(b)(1) motion is as follows:

A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists.

---

[1]The citizenship of the remaining Defendants is not at issue.

*DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). *Accord, First State Ins. Co. v. Thorstenberg Materials Co.,* No. 2:06-CV-13784, 2006 WL 3825071, *1-2 (E.D. Mich. Dec. 26, 2006). Courts have substantial authority to weigh the evidence in order to determine whether jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

Defendants here attack the factual basis for jurisdiction, arguing that diversity jurisdiction is lacking because both Plaintiff Implants International and Defendant Implants North America are citizens of the United Kingdom. Accordingly, this Court must weigh the evidence presented on this jurisdictional fact. Moreover, Plaintiff bears the burden of proving that jurisdiction exists.

## B. Diversity Jurisdiction is Lacking

Defendants' dismissal argument is two-fold; one legal and one factual. First, Defendants argue that a limited liability company's citizenship is determined by considering the citizenship of each of its members. Second, Defendants argue that, based on the plain language of Defendant Implants North America's Operating Agreement and the affidavit of its corporate counsel and resident agent, it cannot be disputed that Mohan Emmanuel has been a member of Defendant Implants North America since its inception and continues to be a member up to and including the date this lawsuit was filed (Defs.' Ex. D, Richard Bruder Aff. ¶¶ 2-5). This Court finds Defendants' legal and factual arguments persuasive.

### 1. Citizenship of LLC is that of Each of Its Members

For purposes of diversity jurisdiction, it is well-established that a corporation's citizenship is both its state of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1). In contrast, to determine the citizenship of a limited liability company,

the Court looks to citizenship of each of the limited liability company's members. *CMPS Institute, LLC v. MMG II, LLC*, 521 F. Supp. 2d 616, 617-18 (E.D. Mich. 2007) (citing *Homfeld II, LLC v. Comair Holdings, Inc.* 53 F. App'x 731, 733 (6th Cir. 2002) and other decisions); *Delphi Automotive Sys., LLC v. Segway, Inc.*, 519 F. Supp. 2d 662, 665 (E.D. Mich. 2007) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)).

Plaintiff does not dispute this legal argument. Rather, it addresses Defendants' factual argument -- whether Mohan Emmanuel was a member of Defendant Implants North America when this lawsuit was filed.

### 2. Status of Mohan Emmanuel's Membership in LLC

Plaintiff does not deny that Mohan Emmanuel is a citizen of the United Kingdom and was once a member of Defendant Implants North America, LLC. Rather, Plaintiff argues that (1) Defendant Implants North America's Operating Agreement allows a member to withdraw with or without the consent of the LLC's Managers; and (2) because Mohan Emmanuel severed his relationship with this LLC before Plaintiff's complaint was filed here, his citizenship should not be considered for purposes of diversity jurisdiction.

Despite Plaintiff's arguments to the contrary, this Court's review of evidence of Mohan Emmanuel's alleged termination of his relationship with Defendant LLC, Defendant LLC's Operating Agreement, its counsel's affidavit, and relevant Michigan law persuades it that Mohan Emmanuel is currently a member of Defendant Implants North America and holds 5,970 units of that LLC. Analysis of this factual issue begins with an examination of Mohan Emmanuel's evidence that he terminated his relationship with Defendant LLC in October 2007.

### a. Mohan Emmanuel's October 2007 Correspondence

In his affidavit, Mohan Emmanuel avers that he decided to withdraw as an officer and a member of Defendant LLC and memorialized that decision in written correspondence in October 2007. (Mohan Emmanuel Aff. ¶ 21-23.) In a letter dated October 18, 2007, Mohan Emmanuel, as Chief Executive of Plaintiff Implants International, wrote to Richard Bruder, counsel and resident agent for Defendant LLC. In it, Mohan (1) formally demanded payment of money he claims the LLC owes Implants International; (2) pointed out that he had formally submitted a termination and separation proposal to the LLC's CEO and had told him that he did not wish to carry on as the Executive Chairman of the LLC; and (3) confirmed that he had "not informed either distributor of [his] decision not to carry on his relationship" with the LLC. (Pl.'s Ex. G, 10/18/07 letter.)

Attorney Richard Bruder responded on October 20, 2007. That letter was addressed to Mohan Emmanuel as both the Chairman of the LLC and Chief Executive of Implants International. Quoting various sections of the LLC's Operating Agreement, Mr. Bruder informed Mohan that (1) he remains the Executive Chairman of the LLC until he resigns "by written notice to the Company" and an oral resignation would be ineffective; (2) the resignation is effective "upon its receipt by the Company;" (3) as an officer of the LLC, he owes the LLC a fiduciary duty to act in its best interests; (4) the LLC's inventory and accounts receivables from Asher Medical and DeNovo are subject to secured, perfected liens under arrangements approved by the LLC's Managers; and (5) Implants International granted the LLC the exclusive right to distribute some of its products throughout North America. (Pl.'s Ex. H, 10/20/07 letter at ¶¶ 1-4.) The letter suggested a framework for working out the parties' disputes and invited further conversation about winding down Mohan's relationship with the LLC. (*Id.* at 2.)

On October 21, 2007, Mohan Emmanuel wrote to James Miller, the CEO of the LLC and confirmed his "resignation as Executive Chairman" of the LLC as of October 3, 2007. (Pl.'s Ex. I, 10/21/07 letter.)

Upon review of this correspondence, this Court agrees with Defendants. Mohan's written resignation is "as Executive Chairman." He did not resign as a member of the LLC and has not relinquished any of the 5,970 units of the LLC that he holds. This conclusion is confirmed by the Court's review of Michigan law regarding limited liability companies and its review of the LLC's Operating Agreement.

**b. Michigan Law and Defendant LLC's Operating Agreement**

Defendant Implants North America is a Michigan limited liability company. Michigan law provides that a "member may withdraw from a limited liability company <u>only as provided in an operating agreement.</u>" Mich. Comp. Laws § 450.4509(1) (emphasis added). The Operating Agreement at issue here provides that:

> 6.3    <u>Withdrawal</u>. Unless a Member has assigned and transferred all of his Units to another Member or other assignee who has been admitted as a substitute Member and except to the extent permitted hereunder, <u>a Member may not withdraw from the Company except with the consent of the Managers.</u> Any Member who withdraws in violation of the provisions of this Section 6.3 shall not be entitled to any distributions under this Agreement and shall be liable to the Company and the remaining Members for any damages incurred by the Company or such remaining Members as a result of the withdrawing Member's breach of the provisions of Section 6.3.

(Defs.' Reply, Ex. A, Operating Agreement at ¶ 6.3 (emphasis added).) There is no evidence that Mohan Emmanuel either assigned or transferred all of his Units in the LLC to another member or substitute member or that he withdrew from the LLC with the consent

of its Managers.  Thus, pursuant to Mich. Comp. Laws § 450.4509, he remains a member of the LLC, owing 5,970 Units of the LLC.  (*Id.* at Ex. A to Operating Agreement.)

### 3.  Effect of Mohan Emmanuel's United Kingdom Citizenship

As discussed above, the citizenship of a limited liability company is determined by considering the citizenship of each of its members.  Despite his arguments to the contrary, Mohan Emmanuel remains a member of Defendant Implants North America LLC. Accordingly, because both he and Plaintiff are citizens of the United Kingdom, this Court lacks complete diversity over Plaintiff's claims.  *See* 28 U.S.C. § 1332(a).

## III.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss, pursuant to Rule 12(b)(1) is granted, and Plaintiff's complaint is dismissed.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 4, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 4, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager